972 F.2d 338
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re:Carlos Ernesto ANZOATEGUI, Debtor. Carlos Ernesto
Anzoategui, Plaintiff-Appellant,
v.
Riggs National Bank, Defendant-Appellee.
 No. 91-2739.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 11, 1992
Decided: August 10, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, Senior District Judge. (CA-91-1912-H, BK-87-4-1754-PM)
 Carlos Ernesto Anzoategui, Appellant Pro Se.
 Graham C. Huston, Huston & Angus, Arlington, Virginia, for Appellee.
 D.Md.
 Dismissed.
 Before HALL, WILKINS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Carlos Ernesto Anzoategui appeals from the denial of his Motion for Reconsideration filed September 26, 1991, from an order of the district court entered on September 9, 1991, dismissing his appeal from the bankruptcy court. Anzoategui noted his appeal to this Court on October 31, 1991.
 
 
 2
 Bankruptcy Rule 8015 provides that a timely motion for rehearing tolls the running of the time for filing a notice of appeal, but requires that the motion be filed within ten days of entry of judgment. Failure to comply with the time limit in Bankruptcy Rule 8015 prevents tolling of the time for filing an appeal. Cf. In re 6 & 40 Inv. Group, Inc., 752 F.2d 515, 516 (10th Cir. 1985) (untimely filing of petition for rehearing prevented tolling of time to file appeal under the rule preceding Bankr. R. 8015).
 
 
 3
 Anzoategui's failure to comply with the time limits in Bankr. R. 8015 prevented the tolling of the time to file his appeal. Thus, Anzoategui noted this appeal outside the thirty-day appeal period established by Fed. R. App. P. 4(a)(1), read in conjunction with Fed. R. App. P. 6, and failed to move for an extension of the appeal period within the additional thirty-day period provided by Fed. R. App. P. 4(a)(5).
 
 
 4
 The time periods established by Fed. R. App. P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Appellant's failure to note a timely appeal or obtain an extension of the appeal period deprives this Court of jurisdiction to consider this case. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED